IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **JOHN GEORGE,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) CIVIL NO. 04-937-GPM |
| | ) |
| **EUGENE McADORY, WILLIAM** | ) |
| **SPILLER, and DONALD N. SNYDER, JR.,** | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM AND ORDER

**MURPHY, Chief District Judge:**

Plaintiff, an inmate in the Menard Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff previously was granted leave to proceed *in forma pauperis*, and he has tendered his initial partial filing fee as ordered.

In this case, Plaintiff alleges that he is asthmatic, but he has not been assigned to a nonsmoking housing unit. He also claims that due to exposure from secondhand smoke in his housing unit, he suffered several asthma attacks over a two week period. He further alleges that he has deliberately refused housing assignments just so that he would be sent to the segregation unit, which he claims is a nonsmoking unit. He has filed grievances at the institution, but Defendants McAdory and Spiller have failed to assign him to a nonsmoking unit.

The Supreme Court has held that an inmate "states a cause of action under the Eighth Amendment by alleging that petitioners have, with deliberate indifference, exposed him to levels of ETS [environmental tobacco smoke] that pose an unreasonable risk of serious damage to his

future health." *Helling v. McKinney*, 509 U.S. 25, 35 (1993); *see also Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001). Applying these standards to the allegations in the complaint, the Court is unable to dismiss the claims against McAdory and Spiller at this point in the litigation. *See* 28 U.S.C. § 1915A.

Plaintiff also lists Donald Snyder as a defendant in the caption of his complaint. However, the statement of claim does not include any specific allegations against him. "A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption." *Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). *See also Crowder v. Lash*, 687 F.2d 996, 1006 (7th Cir. 1982) (director of state correctional agency not personally responsible for constitutional violations within prison system solely because grievance procedure made him aware of it and he failed to intervene). Therefore, Snyder is dismissed from this action with prejudice. *See* 28 U.S.C. § 1915A.

Also before the Court is Plaintiff's motion for appointment of counsel (Doc. 3). The law is clear that there is no absolute right to appointment of counsel in a civil case. *Cook v. Bounds*, 518 F.2d 779 (4th Cir. 1975); *Peterson v. Nadler*, 452 F.2d 754 (8th Cir. 1971). However, under appropriate conditions "representation of indigents under court order, without a fee, is a condition under which lawyers are licensed to practice as officers of the court. . . ." *United States v. Dillon*, 346 F.2d 633, 635 (9th Cir. 1965), *cert. denied*, 382 U.S. 978 (1966).

When deciding whether to appoint counsel, the Court must first determine if a *pro se* litigant has made reasonable efforts to secure counsel before resorting to the courts. *Jackson v. County of McLean*, 953 F.2d 1070, 1072 (7th Cir. 1992). Plaintiff makes no showing that he has attempted to retain counsel. Additionally, after examining the documents submitted to this Court by Plaintiff, it appears that Plaintiff is more than capable of presenting his case and handling the issues involved.

Therefore, the Court finds that appointment of counsel is not warranted, and Plaintiff's motion for appointment of counsel is **DENIED**.

**DISPOSITION**

**IT IS HEREBY ORDERED** that Defendant **SNYDER** is **DISMISSED** from this action with prejudice.

The Clerk is **DIRECTED** to prepare Form 1A (Notice of Lawsuit and Request for Waiver of Service of Summons) and Form 1B (Waiver of Service of Summons) for Defendants **McADORY** and **SPILLER**. The Clerk shall forward those forms, USM-285 forms submitted by Plaintiff, and sufficient copies of the complaint to the United States Marshal for service.

The United States Marshal is **DIRECTED**, pursuant to Rule 4(c)(2) of the Federal Rules of Civil Procedure, to serve process on Defendants **McADORY** and **SPILLER** in the manner specified by Rule 4(d)(2) of the Federal Rules of Civil Procedure. Process in this case shall consist of the complaint, applicable Forms 1A and 1B, and this Memorandum and Order. For purposes of computing the passage of time under Rule 4(d)(2), the Court and all parties will compute time as of the date it is mailed by the Marshal, as noted on the USM-285 form.

With respect to former employees of Illinois Department of Corrections ("IDOC") who no longer can be found at the work address provided by Plaintiff, IDOC shall furnish the Marshal with the Defendant's last-known address upon issuance of a court order which states that the information shall be used only for purposes of effectuating service (or for proof of service, should a dispute arise) and any documentation of the address shall be retained only by the Marshal. Address information obtained from IDOC pursuant to such order shall not be maintained in the Court file, nor disclosed by the Marshal.

The United States Marshal shall file returned waivers of service as well as any requests for waivers of service that are returned as undelivered as soon as they are received. If a waiver of service is not returned by a defendant within **THIRTY (30) DAYS** from the date of mailing the request for waiver, the United States Marshal shall:

- Request that the Clerk prepare a summons for that defendant who has not yet returned a waiver of service; the Clerk shall then prepare such summons as requested.

- Personally serve process and a copy of this Order upon that defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c).

- Within ten days after personal service is effected, the United States Marshal shall file the return of service for that defendant, along with evidence of any attempts to secure a waiver of service of process and of the costs subsequently incurred in effecting service on said defendant. Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the Marshal's office for photocopying additional copies of the summons and complaint and for preparing new USM-285 forms, if required. Costs of service will be taxed against the personally-served defendant in accordance with the provisions of Federal Rule of Civil Procedure 4(d)(2) unless the defendant shows good cause for such failure.

Plaintiff is **ORDERED** to serve upon Defendants or, if appearance has been entered by counsel, upon their attorneys, a copy of every further pleading or other document submitted for consideration by this Court. He shall include with the original paper to be filed with the Clerk of the Court a certificate stating the date that a true and correct copy of any document was mailed to defendants or their counsel. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this cause is **REFERRED** to a United States Magistrate

Judge for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral*.

Plaintiff is under a continuing obligation to keep the Clerk and each opposing party informed of any change in his whereabouts. This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs.

**IT IS SO ORDERED.**

DATED: 07/12/05

s/ G. Patrick Murphy
G. PATRICK MURPHY
Chief United States District Judge